UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Aaron Wayne Pellum, | ) | C/A No. 0:12-2468-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Bernard McKie, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Aaron Wayne Pellum, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant 28 U.S.C. § 2254 challenging his 2001 state convictions for murder and first degree burglary.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

Recommendation which was entered on the docket on August 5, 2013. The petitioner filed timely objections which the court will address herein.

As an initial matter, the Magistrate Judge finds that the petitioner has presented sufficient evidence to establish grounds for equitable tolling such that his petition will not be dismissed as untimely as the respondent suggests. However, the Magistrate Judge has thoroughly reviewed the properly exhausted claims that trial counsel was ineffective and finds them to be without merit. Specifically, the Magistrate Judge opines that the plaintiff cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law or that the PCR court made objectively unreasonable factual findings.

In his objections, the petitioner contends that he did fully and fairly present his claims in Ground 1 to the state courts and that they are not procedurally barred as the Magistrate Judge suggests. Petitioner's Ground 1 alleges that trial counsel was ineffective for a variety of reasons which the Magistrate Judge outlines in her Report. The Magistrate Judge finds that most of these "independent claims" would be procedurally barred from federal habeas review as not all of the claims were properly presented to the state appellate courts. Notably, the Magistrate Judge considered the independent claims despite finding that most of the claims in the federal petition would be procedurally barred:

> Even if the court concluded that listing these allegations as support for a claim was sufficient to have fairly presented these allegations to the state appellate court, the court has considered them in addressing Pellum's allegation that trial counsel failed to subject the prosecution's case to meaningful adversarial testing...

R&R at 12, n.6.

The two issues that the Magistrate Judge finds were presented squarely to the state appellate courts are that: (1) trial counsel was ineffective in failing to inform Pellum of an actual conflict of interest; and (2) trial counsel was ineffective in failing to subject the prosecution's case to meaningful adversarial testing. Thus, Pellum's other "independent" claims are procedurally barred unless he can show cause and prejudice or a fundamental miscarriage of justice.

Pellum appears to argue that if each individual allegation is not considered, a fundamental miscarriage of justice will occur. A petitioner may establish a fundamental miscarriage of justice by showing that he is "actually innocent" of the crime for which he was convicted. However, to show actual innocence, a petitioner must produce new, reliable evidence that was not presented at trial to establish his factual innocence. The Magistrate Judge opines, and this court agrees, that Pellum's conclusory and speculative argument fails to meet this standard.

As for the two claims of ineffective assistance of counsel that were properly exhausted, the Magistrate Judge suggests that the state court did not unreasonably misapply the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984).

The Magistrate Judge has carefully reviewed the PCR court's finding that Pellum's testimony was not credible and that trial counsel's testimony was credible with regard to the alleged conflict of counsel claim and found that no Sixth Amendment violation occurred. Moreover, the PCR court found that petitioner had failed to establish that trial counsel's part-time employment with the county adversely affected petitioner's representation.

The Magistrate Judge similarly opines that—with regard to the petitioner's allegations of counsel's failure to object to a one-day recess by the trial judge; failure to question jurors about a newspaper article; and failure to object to the solicitor's question about telling his story the first time—the PCR court's findings were not unreasonably misapplied to clearly established federal law nor were there objectively unreasonable factual findings.

Petitioner incorporates into his objection memorandum his previous oppositions to the respondent's motion for summary judgment. This court has carefully reviewed the objections and finds them to be cumulative of the petitioner's earlier claims that were fully considered by the Magistrate Judge in her Report and Recommendation.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court adopts the Magistrate Judge's Report and incorporates it herein by reference. Accordingly, the respondent's motion for summary judgment (ECF No. 22) is granted.

It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."

IT IS SO ORDERED.

September 12, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

5